**James Albert SUMUAL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70424.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 30, 2008.

Karen L. Barr, Law Offices of Karen L. Barr, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Jamie M. Dowd, Esq., U.S. Department of Justice

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

James Albert Sumual, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir.2003), we deny in part and grant in part the petition for review, and remand.

The record does not compel the conclusion that Sumual's untimely filing of his asylum application should be excused due to changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(4), (5).

Substantial evidence supports the denial of CAT relief because Sumual did not show it is more likely than not that he will be tortured if he returns to Indonesia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

We deny Sumual's request to remand the case for review of evidence following the December 26, 2004, earthquake and tsunami. *See Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999); *see also* 8 C.F.R. § 1003.2(a) (explaining that request to re-open proceedings "must be in the form of a written motion to the [BIA]").

Substantial evidence does not support the agency's lack of nexus finding regarding past persecution because Sumual credibly testified that he was physically attacked, stabbed, and harassed on account of his Christian religion and Chinese ethnicity. *See Melkonian*, 320 F.3d at 1068 (concluding petitioner was persecuted "on account of" his religion and ethnicity). Substantial evidence also does not support the agency's conclusion regarding Sumual's brother because both siblings are not similarly-situated. *See Rios v. Ashcroft*, 287 F.3d 895, 902 (9th Cir.2002). Additionally, substantial evidence does not support the agency's conclusion that even if there was a presumption of future persecution it is rebutted because the Indonesian government successfully reduced intercommunal violence and persecutors risk arrest and prosecution. *See id.* at 902–03; *see also Marcos v. Gonzales*, 410 F.3d 1112, 1120–21 (9th Cir.2005) (concluding IJ did not make an individualized determination whether changed conditions reported in the country report will affect petitioner's specific situation).

Accordingly, we grant the petition for review in part, and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.